```
                      UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY


JOSEPH FALTAOUS,                   :     Civil Action 06-4787(JLL)
PATTY LEE SMITH, on behalf
of themselves and others           :
similarly situated,
                                   :
            Plaintiffs,                       ORDER TO TAX COSTS
                                   :

     v.                            :

JOHNSON AND JOHNSON                :

            Defendants.            :
_____
```

This matter has come before the Court on an application [Dkt. Entry 140] for a Bill of Costs by Defendant Johnson and Johnson ("Defendant"), pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1.  Defendant is seeking to be reimbursed in the amount of $6,680.91.

The Court entered an Order granting Summary Judgment on December 30, 2008 [Dkt. Entry 136] in favor of Defendant Johnson and Johnson and against Plaintiffs .  Under Federal Rule of Civil Procedure 54(d), a prevailing party is entitled to costs unless the court otherwise directs.[1]  Rule 54(d)(1) creates a "'strong presumption' that costs are to be awarded to the prevailing party."  In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462

---

[1] Fed. R. Civ. P. 54(d)(1) states in relevant part: *Costs other than Attorney's Fees*. Unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party."

(quoting 10 MOORE'S FEDERAL PRACTICE § 54.101, at 54-149); see also Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981). If an order or judgment is silent as to costs, as it is in this matter, the natural reading of Rule 54(d) would lead one to conclude that a judgment or order allows costs because the Court had not "otherwise directed." Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F. 2d 219, 221 (7th Cir. 1988). Additionally, this rule has been interpreted as granting federal courts discretion to refuse to tax costs in favor of the prevailing party. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). In the current matter, Defendant is the prevailing party within the meaning of Federal Rule of Civil Procedure 54(d).

1. **Deposition Costs**

Defendant requests reimbursement for ten depositions taken in this case. Deposition transcripts are taxable if necessarily obtained for use in the case. 28 U.S.C. § 1920(2). Additionally, 28 U.S.C. § 1920 has been interpreted to allow costs for depositions in connection with a successful motion for summary judgment. In re Baby Food Antitrust Litig., 166 F.3d 112, 139 (3d Cir. 1999); see also Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th Cir. 1997). Similarly, L. Civ. R. 54.1(g)(7) allows for the taxation of deposition costs if a deposition is used in a case. Fees and charges recoverable under

the Local Rule include the costs of the reporter and the preparation of the transcript.

The Clerk does not find Defendant's level of deposition discovery in this matter to be excessive or unreasonable, especially in a complex case such as this one.  The Clerk appreciates that Defendant requested only the transcript and a copy to be taxed and not other items such as video and ASCII Disks which are not taxable under Section 1920. Therefore, the Clerk finds that deposition transcripts taken in this matter were necessarily obtained for "use" in the case.  28 U.S.C. § 1920.

| **Deponent** | **Amount Requested** | **Amount Allowed** |
| --- | --- | --- |
| Patty Lee Smith | $1,981.36 | $1,953.36 |
| Lisa B. Davis | $ 650.00 | $ 640.00 |
| William S. Morrow | $ 457.00 | $ 447.00 |
| Jade Shields | $ 910.75 | $ 900.75 |
| Mark Jaton | $ 659.60 | $ 627.60 |
| Teresa Evans | $ 577.40 | $ 545.40 |
| Brad Taylor | $ 435.40 | $ 403.40 |
| Peter Cooley | $ 496.00 | $ 486.00 |
| Brian Gary | $ 513.40 | $ 481.40 |
| **Total** | **$6,680.91** | **$6,484.91** |

The Clerk allows Defendant to be reimbursed for costs incurred for the production of stenographic transcripts including one copy of each deposition.  The reduced amount reflects a

3

reduction of the expense for shipping and handling the deposition transcripts to counsel. These charges are not considered a taxable cost because they are not among the categories of costs listed in 28 U.S.C. § 1920.  See Bollitier v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers, 735 F. Supp. 623, 629 (D.N.J. 1989) (denying taxation costs for mailing).

2. **Summary**

The following expense will be allowable as taxable costs:

Deposition Transcript Costs        **$6,484.91**

3. For the reasons set forth above, Johnson and Johnson's application to tax costs against Plaintiffs Joseph Faltaous and Patty Lee Smith is hereby granted in the amount of $6,484.91.

**WILLIAM T. WALSH, CLERK**

By: S/John T. O'Brien
    Deputy Clerk

DATE:    April 2, 2009

4